UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:  CHAPTER 13

Curtis C. Hatton and Gail K. Hatton  Case No. 8-10-bk-00115-CPM

    Debtors
_____/

**ORDER GRANTING MOTION TO DISMISS CHAPTER 13 CASE**
(EFFECTIVE DATE OF THIS ORDER IS 14 DAYS FROM DATE OF ENTRY)

THIS CASE came on consideration for the purpose of the entry of an appropriate order following the entry of an Order Reserving Ruling on Trustee's Motion to Dismiss for Failure to Attend Sec. 341 Meeting of Creditors and Rescheduling Section 341 Meeting on April 27, 2010 (Docket No. 30). By submission of this order the Court is advised that the Debtor[1] failed to comply with the Order, it is

    ORDERED:

    1.     The Trustee's Motion to Dismiss is granted.

    2.     This case be and the same is hereby DISMISSED without prejudice.

    3.     The Trustee shall deduct from the monies to be returned to the Debtors his normal percentage thereof as necessary costs and expenses from sums collected pursuant to 11 U.S.C. §1326(a)(2), together with any fee, charge, or amount required under 28 U.S.C. 123.

    4.     The Trustee shall disburse all Trust Fund monies held as adequate protection and for administrative expenses, as provided for in this Court's Order Establishing Duties of Trustee and Debtor etc., to those secured creditors provided for in the Debtor's Chapter 13 Plan and to administrative expense holders.

      a.      The Trustee shall disburse the Trust Fund monies to the secured creditors either in the total amount due or, if Trust Fund monies prove insufficient, pro rata. These monies shall be paid pursuant to the creditor's proof of claim or, if a claim was not previously filed, pursuant to the terms of the Plan.

      b.      Pursuant to the Order Establishing Duties of the Debtor, if the Debtors' attorney seeks no more in compensation than the Courts Presumptively Reasonableness Fee and additional fees as approved in the Court's Order Establishing Presumptively Reasonable Debtors Attorney Fee in Chapter 13 Cases, Misc. Pr. 07-02, August 31, 2007, then such fee is hereby deemed to be an allowed administrative expense for purposes of entitlement to Trust Funds. The compensation to Debtor's counsel shall be paid in accordance with the Trust Funds portion of the chapter 13 plan. If a plan payment is insufficient to pay 100 percent of the plan's monthly allocation to the secured creditors and administrative expense creditors, the payment shall be prorated among all creditors having an entitlement to Trust Funds. The Debtors are hereby granted leave to file an objection to the allowance of these attorney fees within ten (10) days from the date of this order, if deemed advisable.

5.      The Trustee shall return to the Debtors any monies not previously disbursed and file his final report and upon filing of same, will be discharged of his duties as Trustee.

6.      The effective date of this Order is delayed fourteen (14) days to permit the Debtors to convert this case to another Chapter under the Bankruptcy Code if the Debtors wish to do so.

7. All pending hearings are hereby canceled, except for any Order to Show Cause hearings the Court may have set.

DONE AND ORDERED at Tampa, Florida on July 07, 2010.

Catherine Peek McEwen
United States Bankruptcy Judge

Copies to be provided by CM/ECF service

JMW/WD/phl					C13T 07/06/10